# CIRCUIT COURT OF BALTIMORE CITY.

Filed February 11, 1916.

CLIFTON COUNCIL NO. 54, JUNIOR ORDER UNITED AMERICAN MECHANICS,
VS.
CLARA GREEN, ET AL.

*Flynn & Ziegler* for Clara Green.

*Louis Benesch* and *William N. McFaul* for the children of George Green.

DAWKINS, J.—

The parties to this suit having waived all informalities and irregularities in the pleadings and submitted the questions as to the ownership of the fund in controversy, the Court will consider only the question of fact involved as it may be determined by the law effecting the issue.

The question raised by the claimant, Mrs. Mollie E. Clark, that there being a will made by Mr. Green, the deceased, leaving her his property, should work as a "designation" in her favor under the laws of the order. I cannot accede to this view. The designation contemplated must mean some sort of formal notice sent to the order and entry made on the books of the same. The laws of the order provide that a member shall have the right to change the

beneficiary "by a new entry in the book" kept for this purpose and upon the payment of certain charges. Until that was done there was no "designation." There being no pretense that any such action was taken in order to effectuate the designation, none was made, so that this claimant has no right superior to the other children.

There being no "designation," this becomes simply a question between the children of the early wife and the alleged widow, which question must rest for answer upon the validity of the marriage of the deceased and the alleged widow.

Under the law of Maryland a valid marriage cannot exist unless it is celebrated by a religious ceremony. It is not necessary that witnesses should be produced who were present at such ceremony, but such facts must be adduced as will justify an inference that a religious ceremony was performed. In this case there are no witnesses produced as to any alleged ceremony. A minister's name is given, but no evidence is offered that he ever existed. No record from Talbot county, Maryland, where the ceremony is alleged to have taken place is produced.

Marriage may be proved by general reputation, cohabitation and acknowledgment. We have practically no denial or any suggestion on the part of the deceased of a denial of his being married to Mrs. Clara Green until just before he died, when he is alleged to have told some of his children that he was not married. His whole life with this last-named woman tends to prevent a reliance upon this alleged statement. The deportment on all occasions was that of married people. They acknowledged each other as husband and wife. They were received in their sphere of life as such. These very children visited and in effect accepted them as married. The alleged wife worked and helped to support the deceased. She says there was a marriage ceremony. The parties were reputed as man and wife by the family of the deceased as well as by everybody that knew them for a long period of time, and so far as anything is disclosed by the evidence, their lives were moral and beyond reproach. No one has been produced who can say that either of the parties lived aught but as man and wife should live for all the period of years when they were living together

as such. There was no such condition as sometimes arises in cases of claimants under a marriage not known, for here these people lived and moved among the family and friends for a long period in the full guise of man and wife. The necessary inference would be that their union originated under the circumstances which the law requires to make it valid. Every circumstance is in favor of the validity of the marriage save the failure to produce definite evidence of a full religious ceremony; but the slight evidence offered is not denied, and there is no evidence that the marriage was questioned in this regard or for any other reason during the lifetime of Mr. Green.

Therefore, as the tendency of the courts should be to uphold a marriage wherever it be possible to do it, I feel that the doubt should be resolved in favor of the claimant, Clara E. Green. I will, therefore, sign an order allowing and decreeing the fund to her after the payment of all costs of these proceedings and the payment of the bill of the undertaker (per the agreement filed in this case).